United Finance Company, Inc. v. Commissioner.
United Fin. Co. v. Commissioner
Docket No. 109591.
United States Tax Court
1943 Tax Ct. Memo LEXIS 314; 2 T.C.M. (CCH) 38; T.C.M. (RIA) 43224; May 8, 1943
*314 G. Badger Baker, Esq., for the petitioner. J. Marvin Kelley, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion This proceeding was initiated to test the correctness of the respondent's determination of a deficiency in income tax for the fiscal year ending November 30, 1939, in the amount of $509.30, a personal holding company surtax in the amount of $3,480.86, and a penalty of $870.22 for failure to file a personal holding company surtax return. Two questions are raised. The first issue is whether or not petitioner was a personal holding company within the meaning of sections 402 and 403 of the Revenueact of 1938, and, if so, whether there should be imposed a penalty of 25 per cent for its failure to file a personal holding company tax return. The second issue raises the question of the reasonableness of the salary paid by petitioner to its president, who was also treasurer and general manager. Findings of Fact The petitioner is a corporation organized under the laws of South Carolina, with its principal place of business at Florence, South Carolina. Its tax return was filed with the Collector of Internal Revenue for the district of South Carolina. Petitioner *315 filed an income tax return but failed to file a personal holding company tax return on Form 1120-H. During the taxable year petitioner was engaged in the small loan business, making loans principally to Negroes, ranging in amount from $10 to $200. For the use of the money loaned petitioner required its borrowers to pay certain fixed "service charges" and interest covering investigation and collection. The gross amount of loans made by petitioner during the taxable year was approximately $100,000 and its gross income for that period $13,331.26, which represented interest, service charges and collections. No dividends were paid during the taxable year. The majority of the stock of petitioner was owned by L. M. Palles, its president, and by members of his family. Petitioner during the taxable year paid Pallas a salary of $6,000. His duties were to make loans, investigations, collect delinquent accounts and to direct the office work. He had one office assistant. Palles devoted most of his time to petitioner's business and often worked at night. Palles had certain other outside interests that took a portion of his time, including the general supervision of the Pastime Billiard Parlor, *316 which he owned; membership in the partnership of the A.B. Company, a concern selling liquor; and ownership of certain rental properties. He was also assistant fire chief of the Florence Volunteer Fire Company. A reasonable salary for the services rendered petitioner by Palles during the taxable year is $4,000. Opinion ARUNDELL, Judge: On authority of , we must approve respondent's determination that petitioner is taxable as a personal holding company. The Noteman case discusses fully and answers completely petitioner's argument that the so-called service charges required to be paid by its borrowers should not be considered as "interest", within the meaning of section 403 of the Revenue Act of 1938, which defines what constitutes personal holding company income. We have followed this authority in ; ; and Girard Investment Co. v. Commissioner, 122 Fed. (2) 843. Petitioner argues that in any event the 25 per cent penalty for failure *317 to file a personal holding company return, as provided in section 291 of the Revenue Act of 1938, [1] should not be imposed as its failure to file was due to reasonable cause and not due to willful neglect. The excuse offered is that petitioner believed that less than 80 per cent of its gross income was derived from interest in that it did not regard the sums paid by its borowers for so-called service charges as interest. Such a reason we have held does not constitute "reasonable cause" within the meaning of section 291, supra. ;, affirmed . On this issue the respondent is affirmed. There remains the question of the reasonableness *318 of the salary paid by petitioner to Palles who performed the duties of president, treasurer and general manager. The sum paid and sought to be deducted is $6,000 and the sum determined to be reasonable by the Commissioner is $2,000. The question is one of fact with the deduction limited to what may be regarded under all the circumstances as reasonable. As stated by the Commissioner's Regulations (Regulations 103, section 19.23(a)-6), "It is in general just to assume that reasonable and true compensation is only such amount as would ordinarily be paid for like services by like enterprises under like circumstances." It would appear that petitioner's president gave his best attention to making the business a success but there appears little left for stockholders as such from the operations of a business that certainly had some hazards. We are not told the capital investment but the gross loans appear to have been approximately $100,000 and the net income left for stockholders some $1,600 with no dividends paid during the taxable year. The evidence as to the salaries paid by competing companies for somewhat similar services would not warrant a salary markedly higher than that allowed *319 by the respondent. One competitor paid its general manager approximately $2,200 per year, and while a higher salary seems to have been paid by another small loan company to its manager, in the latter case the manager had a half interest in the business. Apparently, in this case, the petitioner's president operated the business without the assistance of the usual collectors and thus saved petitioner this additional expense. Considering the entire record, which, unfortunately, does not give us as clear a picture as we would desire, we have fixed upon a salary of $4,000 as reasonable compensation in the circumstances. In reaching this figure we have given consideration to the testimony as to the salary paid by a competitor and also the fact that petitioner's president personally performed certain duties that petitioner's competitors employed additional help to perform. Decision will be entered under Rule 50. Footnotes
1. Sec. 291. Failure to File Return. In case of any failure to make and file return required by this title, within the time prescribed by law or prescribed by the Commissioner in pursuance of law unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the tax; * * *, not exceeding 25 per centum in the aggregate. * * *↩